601 P.2d 1355

In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. 57452–1.

No. 2 CA–CIV 3362.

Court of Appeals of Arizona, Division 2.

Sept. 25, 1979.

Michael A. Blum, Tucson, for appellant Mother.

Stephen D. Neely, Pima County Atty., by Clinton R. Stinson, Deputy County Atty., Tucson, for appellee.

## OPINION

RICHMOND, Chief Judge.

The question on this appeal is whether the juvenile court had jurisdiction to order the mother of a delinquent child to undergo treatment for her alcohol-related problems. We hold that it did not.

The juvenile was adjudicated a delinquent child and was placed on probation for one year. On May 3, 1979, a probation review hearing was held before a juvenile court referee. No transcript was made. The recommendations and findings of the referee, subsequently reviewed and upheld by the juvenile court judge, included having the mother pay for foster care and all other expenses incurred in the care and treatment of the child. In addition, the mother was ordered to enter into treatment at West Center, a Tucson facility for treatment of alcoholism.

The mother argues that since West Center is not a family counseling program as defined in A.R.S. § 8–261, the order is not authorized by § 8–263. The state does not disagree but instead relies on § 8–235, which reads in pertinent part:

§ 8–235.  Protective Order

On petition of a party or on the court's own motion, the court may make an order restraining or otherwise controlling the conduct of a person if:

1.  An order of disposition of a delinquent, dependent or incorrigible child has been or is about to be made in a proceeding under this chapter.

2.  The court finds that such conduct is or may be detrimental or harmful to the child, and will tend to defeat the execution of the order of disposition made or to be made.

The state does not explain how the mother's conduct will tend to defeat the execution of the order of disposition, which provides for placement of the child in a foster home and continuation in a street program. That her alcohol problems may delay the return of the child to the family home does not bring the challenged portion of the order within the ambit of § 8–235. No matter how salubrious its purpose, the juvenile court lacked authority to compel the mother to enter into treatment, and that portion of the order is vacated. The remainder is affirmed.

HOWARD and HATHAWAY, JJ., concur.